IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORNELIUS HARRELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00481-SMY |
| | ) |
| SHERIFF, Jefferson County Jail, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Cornelius Harrell, currently confined in the Jefferson County Justice Center in Mount Vernon, Illinois, filed a motion for relief in the United States District Court, Southern District of Indiana in which he asserts that he is being wrongfully incarcerated as a result of a sanction imposed in a civil action in Vanderburgh County, Indiana. (Doc. 1). The motion was construed as a Writ of Habeas Corpus under 28 U.S.C. § 2241 and the case was transferred to this Court. (Docs. 8, 9).

This matter is now before the Court for preliminary review of the Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus cases, such as those under 28 U.S.C. § 2241.

Harrell alleges he is wrongly incarcerated by a "criminal sanction" imposed in a civil action, *Indiana v. Harrell*, Cause Numbers 82-D05-1410-JP-000961, 82-D01-0710-JP-00461, and 82-D01-0312-JP-00561. (Doc. 1, p. 1). He claims he has been in custody since December 28,

1

2018 and that on January 2, 2019, the Vanderburgh Superior Court sanctioned him to a term of 60 days in each of the three cases. (Doc. 1, pp. 1-2). He also alleges that he was not given credit for time served and was denied counsel in the contempt proceedings. (Doc. 1, p. 2). But Harrell has failed to provide sufficient information for the Court to determine whether there is any basis under § 2241 for the relief requested. In particular, although Harrell alleges he was sanctioned to incarceration by an Indiana state court judge, he is in custody in a county jail in Illinois.[1] It is also unclear whether he is incarcerated solely as a result of those proceedings or if he is concurrently detained/incarcerated as a result of another civil or criminal proceeding.

For the foregoing reasons**,** the Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** without prejudice. If Petitioner wishes to pursue this habeas action further, he must file an Amended Petition setting forth the facts and law that support his request for relief, advising the Court if he is concurrently detained/confined for any other civil or criminal action, and describing any efforts he has made to exhaust his claims in the Indiana state court (or any other state court such as if there is an Illinois state court action also responsible for his confinement) by **JUNE 10, 2019**. The filing should be labeled "Amended Petition" and list case number 19-cv-00481-SMY on the first page. An Amended Petition supersedes and replaces all prior versions, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). For this reason, the Amended Petition must stand on its own without reference to the original Petition.

---

[1] Indiana state court records, available on mycase.IN.gov (https://public.courts.in.gov/mycase), show that Harrell was found in contempt following a hearing on a motion to show cause for failure to pay child support held on January 2, 2019. *In the Matter of the Paternity of A'Ryan M. Adviento*, 82D05-1410-JP-000961. According to available court records, he was sentenced to 180 days in the Vanderburgh County Jail. The court ordered that Harrell could purge himself of contempt by paying $1000 toward child support, which was lowered to $500 on March 11. The Court may take judicial notice of public records and government documents, including those available from reliable sources on the Internet. *Bova v. U.S. Bank, N.A.*, 446 F.Supp. 2d 926, 930 n. 2 (S.D. Ill. 2006).

To assist Petitioner in complying with this Order, the Clerk of Court is **DIRECTED** to provide him with a blank form for Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Petitioner is **WARNED** that failure to comply with this Order will result in the dismissal of this action under Rule 41(b) of the Federal Rules of Civil Procedure.

Finally, Petitioner is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this directive will cause a delay in the transmission of court documents and may result in the dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 9, 2019**

*s/ Staci M. Yandle*_____
**Staci M. Yandle**
**United States District Judge**