IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORNELIUS HARRELL, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 19-cv-00481-SMY |
| SHERIFF, Jefferson County Jail, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Cornelius Harrell, currently confined in the Jefferson County Justice Center in Mount Vernon, Illinois, filed a motion for relief in the United States District Court, Southern District of Indiana in which he asserts that he is being wrongfully incarcerated as a result of a sanction imposed in a civil action in Vanderburgh County, Indiana. (Doc. 1). The motion was construed as a Writ of Habeas Corpus under 28 U.S.C. § 2241 and the case was transferred to this Court. (Docs. 8, 9).

This matter is now before the Court for preliminary review of the Amended Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus cases, such as those under 28 U.S.C. § 2241.

1

Harrell alleges he is wrongly incarcerated by a "criminal sanction" imposed in a civil action, *Indiana v. Harrell*, Cause Numbers 82-D05-1410-JP-000961, 82-D01-0710-JP-00461, and 82-D01-0312-JP-00561. (Doc. 14, p. 1). He claims he has been in custody since December 28, 2018 and that on January 2, 2019, the Vanderburgh Superior Court sanctioned him to a term of 180 days in each of the three cases to run concurrently. *Id.* He contests the contempt finding for failure to pay child support on the basis that he was not employed and there was no finding that he had the ability to pay. (Doc. 14, p. 2). He also alleges that he was not given credit for time served and he was denied counsel in the contempt proceedings. *Id.*

Without commenting on the merits of Harrell's claim, the Court concludes that the Amended Petition survives preliminary review under Rule 4 and Rule 1(b). Given the limited record, it is not plainly apparent that Harrell is not entitled to habeas relief.

Accordingly, **IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead **on or before August 8, 2019**. This preliminary order to respond does not, of course, preclude the Sheriff of Jefferson County Jail from raising any objection or defense he or she may wish to present.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk of Court (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than **seven days** after a

transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 8, 2019**

<u>s/ *Staci M. Yandle*_____</u>
**Staci M. Yandle**
**United States District Judge**