# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORNELIUS HARRELL, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 19-cv-481-SMY ) |
| SHERIFF, Jefferson County Jail, | ) ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for consideration of Petitioner Cornelius Harrell's Amended Petition for Habeas Corpus Relief (Doc. 14). Harrell originally filed his Petition in the United States District Court for the Southern District of Indiana (Doc. 1). At the time, he was an Indiana state detainee but was incarcerated in the Jefferson County Jail in Mt. Vernon, Illinois. The Southern District of Indiana construed the action as having been brought pursuant to 28 U.S.C. § 2241 (Doc. 8) and transferred it to this Court. (Doc. 9).

Respondent has filed a Response to the Amended Petition and Motion to Dismiss (Doc. 21), asserting that Harrell is no longer incarcerated at the Jefferson County Jail. Further, after Harrell was transferred back to the Vanderburgh County Jail in Indiana, he was released from custody altogether on June 30, 2019. (Doc. 21, p. 2). As such, Respondent asserts that Harrell's claims have become moot. (Doc. 21, pp. 2-5). The Court provided Harrell the opportunity to respond to the Motion to Dismiss in an Order that was mailed to his last known address. (Doc. 22). His September 16, 2019 response deadline has come and gone and the Court has received no correspondence from Harrell.

"The inability to review moot cases stems from the requirement of Article III of the Constitution which limits the exercise of judicial power to live cases or controversies." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *Ibid.* That is the present situation. Respondent has documented that Harrell has been granted the relief he requested, which was release from what he alleged to be wrongful incarceration. (Doc. 21, p. 2; Doc. 21-1, pp. 1-2). Because this Court can no longer afford Harrell any effective relief, the case has become moot and will be dismissed.

## Disposition

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 21) is **GRANTED**. This habeas corpus action is **DISMISSED WITHOUT PREJUDICE** as moot. All pending motions are **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to enter judgment in accordance with this order.

If Harrell wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Harrell plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Harrell does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A

Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

### **Certificate of Appealability**

Should Harrell desire to appeal this Court's ruling dismissing his habeas petition, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1); *Evans v. Circuit Court of Cook Co.*, 569 F.3d 665 (7th Cir. 2009) (certificate of appealability is required for state prisoner in pre-trial custody whose detention arose from a state court order). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id.* at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that Harrell's habeas corpus claim has become moot, therefore, his Petition no longer presents any grounds for habeas relief. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, Harrell has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

**IT IS SO ORDERED.**

**DATED: December 20, 2019**

*s/ Staci M. Yandle*
STACI M. YANDLE
United States District Judge